CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Christopher A. Seabock, Esq., SBN 279640
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, <br><br> Plaintiff, <br><br> v. <br><br> **Stone Edge Winery, LLC,** a California Limited Liability Company <br><br> Defendant. | **Case No**. 3:22-cv-01041-TSH <br><br> **First Amended Complaint for Damages and Injunctive Relief for Violations of:** American's With Disabilities Act; Unruh Civil Rights Act <br><br> **NOT RELATING TO A CONSTRUCTION-RELATED BARRIER AS DEFINED IN CAL. CIV. CODE § 55.3** |

Plaintiff Andres Gomez ("Plaintiff") complains of Stone Edge Winery, LLC, a California Limited Liability Company; ("Defendant"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff uses Talkback or similar software to navigate websites and applications on electronic devices. Plaintiff is legally blind[1] and cannot use a computer or mobile device without assistance of

---

[1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to refer to individuals, including himself, who meet the legal definition of blindness. (visual acuity of 20/200 or worse.) Some individuals who meet these criteria have no vision, others have limited vision.

1  screen-reader software ("SRS").

2.  Defendant Stone Edge Winery, LLC, a California Limited Liability Company ("Stone Edge Winery, LLC"), owned or operated Stone Edge Farm Estate Vineyards & Winery located in Sonoma County, California, in March and August 2021.

3.  Defendant Stone Edge Winery, LLC owns or operates Stone Edge Farm Estate Vineyards & Winery located in Sonoma County, California, currently.

4.  Defendant Stone Edge Winery, LLC owned or operated the Stone Edge Farm Estate Vineyards & Winery website, with a root domain of: https://www.stoneedgefarm.com/, and all related domains, sub-domains and/or content contained within it, ("Website") in March and August 2021.

5.  Defendant Stone Edge Winery, LLC owns or operates the Stone Edge Farm Estate Vineyards & Winery website currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

8. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claim is formed from the same case and/or controversy and is related to Plaintiff's ADA claim. A violation of the ADA is a violation of Unruh. Cal. Code §51(f).

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant is subject to personal jurisdiction in this District due to its business contacts with the District, and a substantial portion of the complained of conduct occurred in this District.

**FACTUAL ALLEGATIONS:**

10. Plaintiff is a legally blind person and a member of a protected class under the ADA. Plaintiff is proficient with and uses SRS to access the internet and read internet content on computers and mobile devices.

11. Plaintiff cannot use a computer without the assistance of screen reader software. ("SRS").

12. Stone Edge Winery, LLC operates the Stone Edge Farm Estate Vineyards & Winery, which offers privileges, goods, and/or services out of a physical location in California. This location is open to the public, a place of public accommodation, and a business establishment.

13. The Website is a nexus between Stone Edge Winery, LLC's customers and the terrestrial based privileges, goods, and/or services offered at the Stone Edge Farm Estate Vineyards & Winery.

14. Stone Edge Winery, LLC offers its website as one of the facilities, privileges, and advantages offered to patrons of the Stone Edge Farm Estate Vineyards & Winery

in connection with their patronage.

15. Among the features of the Website which relate to the Stone Edge Farm Estate Vineyards & Winery's physical location are:

  a. Information on how to make reservations to visit the Stone Edge Farm Estate Vineyards & Winery, which is by appointment only;
  b. Links to email the Stone Edge Farm Estate Vineyards & Winery to make an appointment;
  c. Links to call the Stone Edge Farm Estate Vineyards & Winery to make an appointment;
  d. Links to information about shipping and returns of product;
  e. Links to information about the website's accessibility;
  f. Links to the Stone Edge Farm Estate Vineyards & Winery's social media pages;
  g. Links to sign up for the Stone Edge Farm Estate Vineyards & Winery's email list to receive news and updates;
  h. Links to make reservations for specific events;
  i. Links to make reservations for the Stone Edge Farm Estate Vineyards & Winery's on-site restaurant;
  j. Listings of wines for sale, including links for various selections;
  k. Information of the contents of various box sets of wine available for purchase;
  l. Information regarding the origin and price of wines for sale;
  m. Links to log onto the website;
  n. Links to information about enrolling in the Stone Edge Farm Estate Vineyards & Winery's membership club;
  o. Links to information about various techniques used by the Stone Edge Farm Estate Vineyards & Winery in operation of the

     physical location;

  p. Links to information of the various wines offered on site at the physical location;

  q. Links to the Stone Edge Farm Estate Vineyards & Winery's online store; and

  r. Links to websites of the Stone Edge Farm Estate Vineyards & Winery's partners.

16. Plaintiff was a prospective customer who wished to visit the Stone Edge Farm Estate Vineyards & Winery to access its goods and services, including its website.

17. Plaintiff visited the Website in March 2021 (while physically in the State of California) and August 2021 to obtain information about the Stone Edge Farm Estate Vineyards & Winery.

18. Plaintiff is interested in the process of making wine and has visited numerous wineries in California and Florida.

19. Plaintiff enjoys purchasing wine as gifts to friends and family.

20. Plaintiff is considering purchasing a home in northern California.

21. Plaintiff has family in northern California.

22. Plaintiff is aware that northern California has a wealth of vineyards and wineries.

23. Plaintiff travels often.

24. In March 2020, while in California, Plaintiff was making plans and intended to visit family in northern California.

25. As part of this visit, Plaintiff intended to wine taste and identified the Stone Edge Farm Estate Vineyards & Winery as a location he was interested in experiencing.

26. To obtain information about the Stone Edge Farm Estate Vineyards & Winery, including what might set it apart from other wineries in the area, Plaintiff visited the Website.

27. However, when Plaintiff attempted to navigate the Website, he encountered numerous accessibility design faults that prevented him from navigating the site successfully using SRS. Investigation into his experience revealed barriers, including, but not limited to:

   a. Images on the website lack a text equivalent readable by SRS. This specifically rendered Defendant's logo and order quantity input boxes unreadable by SRS.
   b. The visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements. This specifically rendered the information on how to make reservations, links to email to make an appointment, links to call to make an appointment, links to information about shipping and returns of product, links to information about the website's accessibility, links to social media pages; links to sign up for the email list, links to make reservations for specific events, links to make reservations for the on-site restaurant, listings of wines for sale, including links for various selections, information of the contents of various box sets of wine available for purchase, information regarding the origin and price of wines for sale, links to log onto the website, links to information about enrolling in the membership club, links to information about various techniques used in operation of the physical location, links to information of the various wines offered on site at the physical location, links to the online store, and links to websites of the Stone Edge Farm Estate Vineyards & Winery's partners with too little contrast to separate the text from the background colors so as to be read.

First Amended Complaint                                    3:22-cv-01041-TSH

28. These inaccessible elements rendered the ostensibly "accessible" elements inaccessible as a result of difficulty and confusion navigating the numerous inaccessible elements.

29. Currently, the defendant either fails to provide an accessible website or has failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

30. Despite multiple attempts to access the Website using Plaintiff's mobile device, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services offered by Defendant as a result of the accessibility barriers on the Website.

31. Plaintiff personally encountered the accessibility barriers and has actual knowledge of them.

32. By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

33. Because of his encounter with and knowledge of the accessibility barriers on Defendant's website, Plaintiff decided not to visit Stone Edge Farm Estate Vineyards & Winery, was deterred from doing so, and was deterred from further attempting to access or returning to the website.

34. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff and deterred him from attempting to access the Stone Edge Farm Estate Vineyards & Winery or further access its website.

35. If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the Website and find information on wine.

36. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website at the close of litigation and once it is accessible to him.

37. Plaintiff remains deterred from visiting the Stone Edge Farm Estate Vineyards & Winery or its website due to the existing barriers and uncertainty about the

1  existence of yet other barriers on the Website. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

38. The barriers identified above violate easily accessible, well-established industry standard guidelines for making websites accessible to people with visual-impairments that use SRS to access websites. Given the prevalence of websites that have implemented these standards and created accessible websites, it is readily achievable to construct an accessible website without undue burden on the defendant or a fundamental alteration of the purpose of the Stone Edge Farm Estate Vineyards & Winery or its website.

39. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

40. It's been established that failure to remove these inaccessible conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to the plaintiff.

41. The Website was intentionally designed, and based on information and belief, it is the Defendant's, policy and practice to deny Plaintiff access to the Website, and, as a result, deny the goods and services that are otherwise available to patrons of the Stone Edge Farm Estate Vineyards & Winery.

42. Due to the failure to construct and operate the website in line with industry standards, Plaintiff has been denied equal access to Stone Edge Farm Estate Vineyards & Winery and the various goods, services, privileges, opportunities, and benefits offered to the public by the defendant.

43. Given the nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the website, and/or at the Stone Edge Farm Estate Vineyards & Winery, that relate to his disability. In addition to the barriers he personally encountered, Plaintiff intends to seek removal of all barriers on the Website that relate to his disability. See Doran v. 7-

Eleven (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

44. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

45. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Stone Edge Farm Estate Vineyards & Winery is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181.

46. The website provided by the Defendant is a service, privilege or advantage and extension of Stone Edge Farm Estate Vineyards & Winery's physical presence and terrestrial services.

47. When a business provides a service such as a website, it must provide an accessible website.

48. Here, an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

49. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are

necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

50. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

51. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code §§ 51-53.)

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

54. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

55. Pursuant to Civil Code section 52 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the requirements of the ADA due to Defendant's failures to take action to ensure that its Website was fully accessible to and independently usable by blind and visually-impaired individuals.

2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violating the ADA with respect to its website.

3. Damages under the Unruh Civil Rights Act § 51[2], which provides for actual damages and a statutory minimum of $4,000 for each offense.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

Dated: May 31, 2022          CENTER FOR DISABILITY ACCESS

By: /s/ Christopher A. Seabock

Christopher A. Seabock
Attorney for Plaintiff

---

[2] Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.